UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

CHANTEL FALCON

    Plaintiff,

v.

JOSE R. ABADIN, D.D.S., P.A., a
Florida profit corporation D/B/A ABADIN DENTAL and JOSE R. ABADIN, individually.

    Defendant(s)
_____/

## COMPLAINT

COMES NOW, the Plaintiff, CHANTEL FALCON, (hereinafter referred to as "Plaintiff"), on behalf of herself, by and through the undersigned counsel, files this Complaint against Defendants JOSE R. ABADIN, D.D.S., P.A., a Florida Profit Corporation d/b/a ABADIN DENTAL (hereinafter "ABADIN DENTAL"), and JOSE R. ABADIN, individually collectively ("Defendants") and states as follows:

### JURISDICTION AND VENUE

1. This is an action by the Plaintiff for damages for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendants, which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and

because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendants are subject to personal jurisdiction there.

4. Plaintiff was at all times relevant to this action, a resident of Miami Dade County Florida, within the jurisdiction of this Honorable Court.

5. During all times relevant to this Complaint, Plaintiff was employed by Defendants as a schedule coordinator. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. Defendant ABADIN DENTAL is a Florida corporation organized and existing under and by virtue of the laws of Florida and registered to do business within Florida. Defendant ABADIN DENTAL has its principal place of business in Miami, Florida. Defendant ABADIN DENTAL has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. ABADIN DENTAL is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. Specifically, ABADIN DENTAL operates and specializes in family and cosmetic dentistry.

9. At all times material to this Complaint, Defendant ABADIN DENTAL has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials including but not limited to the following: dental equipment, dental patient chairs, sterilization equipment, handpieces, utility equipment, operatory cabinetry, x-ray imaging equipment, and the dental materials needed to treat patients. Those goods and/or materials have been moved

in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

10. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that Plaintiff is covered under the FLSA through individual coverage, as Plaintiff regularly and recurrently used the instrumentalities of interstate commerce. More specifically, Plaintiff regularly performed functions with clients and suppliers utilizing telephones, computers, machinery, materials, and supplies.

11. Defendant, ABADIN DENTAL, upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

12. Defendant, JOSE ABADIN is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, ABADIN DENTAL .

13. Defendant JOSE ABADIN acted directly in the interest of his company, ABADIN DENTAL as the president. Upon all available information, JOSE ABADIN controlled the manner in which Plaintiff performed her work and the pay she was to receive.

14. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

15. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

**PLAINTIFF'S FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

16. Plaintiff is a non-exempt employee of Defendants' and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

17. Specifically, Plaintiff performed work for Defendants as a non-exempt schedule coordinator from on or about April 2, 2018 through on or about August 28, 2020.

18. During Plaintiff's employment, Plaintiff regularly worked at least ten-hour days, four days a week. However, Plaintiff sometimes worked more than ten hours a day, and at times was required to work an additional day in a particular week.

19. At all relevant times, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

20. Specifically, Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) each week, as proscribed by the laws of the United States and the State of Florida. Rather, the Defendants only paid the Plaintiff her regular rate for each hour worked over 40 hours.

21. Defendants knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

22. Defendants maintained complete control over the hours Plaintiff worked and the pay she was to receive.

23. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

24. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

## COUNT I
## VIOLATION OF FLSA/OVERTIME
## against ABADIN DENTAL

25. Plaintiff re-alleges and reaffirms each and every factual allegation as stated in paragraphs 1 through 24 of this complaint as if set out in full herein.

26. This action is brought by Plaintiff to recover from Defendant ABADIN DENTAL unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

27. Since the commencement of Plaintiff's employment, ABADIN DENTAL has willfully violated the provisions of § 7 of the Act [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one and one half times her regular rate.

28. Specifically, Plaintiff worked between forty (40) to fifty (50) hours during each work week in which she was employed but she was not compensated at time and a half for the hours worked over forty (40) hours each workweek.

29. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

30. JOSE R. ABADIN, D.D.S., P.A., is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). ABADIN DENTAL'S business activities involve those to which the Fair Labor Standards Act applies.

31. The Plaintiff's work for JOSE R. ABADIN, D.D.S., P.A., likewise affects interstate commerce.

32. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that she was neither bona fide executive, administrative, or professional employee.

33. ABADIN DENTAL has knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

34. By reason of the said intentional, willful and unlawful acts of ABADIN DENTAL Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

35. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

36. ABADIN DENTAL never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

37. As a result of ABADIN DENTAL's willful violations of the Act, Plaintiff is entitled to liquidated damages.

38. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT II**
**VIOLATION OF FLSA/OVERTIME**
**against JOSE ABADIN**

39. Plaintiff re-alleges and reaffirms paragraphs 1 through 24 of this complaint as if set out in full herein.

40. At all times mentioned, Defendant JOSE ABADIN was, and is now, a corporate officer of corporate Defendant, JOSE R. ABADIN, D.D.S., P.A.

41. Defendant JOSE ABADIN was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that JOSE ABADIN acted directly in the interest of Defendant JOSE R. ABADIN, D.D.S., P.A., in relation to their employees including Plaintiff.

42. Specifically, JOSE ABADIN on his own or through his representatives supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

43. JOSE ABADIN had operational control of the business and is thus jointly liable for Plaintiff's damages.

44. Defendant JOSE ABADIN willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant JOSE ABADIN:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**[SPACE INTENTIONALLY LEFT BLANK]**

## JURY DEMAND

Plaintiff, CHANTEL FALCON demands trial by jury of all issues triable as of right by jury.

Dated: December 21, 2020                     Respectfully submitted,

 

**PEREGONZA THE ATTORNEYS, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com
Secondary E-mail: esther@peregonza.com

By: /s/Juan J. Perez
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com